FORM 104 (08/07)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| **PLAINTIFFS** Ron Harris and Renee Harris | **DEFENDANTS** Jason A. Sneider |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) F. William LaVigne, Esq., 157 Main St., P.O. Box 383, Andover, NJ 07821 - (973)786-5784 | **ATTORNEYS** (If Known) Dean G. Sutton, Esq., 18 Green Road, P.O. Box 187, Sparta, NJ - (973)729-8121 |
| **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Consumer Fraud

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**FILED**
JAMES J WALDRON, CLERK

APR 14 2010



U S BANKRUPTCY COURT
NEWARK, NJ
DEPUTY

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Jason A. Sneider | | BANKRUPTCY CASE NO. 10-13785-DHS |
| DISTRICT IN WHICH CASE IS PENDING  New Jersey | DIVISIONAL OFFICE | NAME OF JUDGE  Donald H. Steckroth |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  *F. Wm. LaVigne* | | |
| DATE  3/16/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  F. Wm. LaVigne | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

F. WILLIAM LAVIGNE
ATTORNEY AT LAW LLC
157 MAIN STREET, P.O. BOX 383
ANDOVER, NEW JERSEY 07821
(973)786-5784
Attorney for Plaintiff Ron Harris and Renee Harris

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In Re:

JASON A. SNEIDER

Debtors.

RON HARRIS and RENEE HARRIS

Plaintiff,

v.

SNEIDER & SONS EXCAVATING, LLC;
WANTAGE BARN AND FENCE CO LLC;
HARDSCAPE CONSTRUCTION &
LANDSCAPE DESIGN, CO.; JASON
SNEIDER, individually; John Does 1-10
Defendants.

(Hon. Donald H. Stechroth)

Chapter 13

Case No. 10-13785-DHS

Adv. Pro. No.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT
TO 11 U.S.C. §§ 523(a)(2), (a)(3) AND (a)(6)**

Plaintiff, Ron Harris and Renee Harris ("Plaintiff"), by and through his attorney,

F. William LaVigne, Esq., by way of Complaint against Ron Harris, Defendant

("Defendant" or "Debtor") hereby says:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the within action pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984.

2. This Complaint is within the Bankruptcy Court's core jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A),(B), and (I).

3. Plaintiff is entitled to bring this action pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## NATURE OF THE ACTION

5. This is an Adversary Proceeding in which the Plaintiff seeks a determination that Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(3), and (a)(6).

## THE PARTIES

5. Plaintiff is a business customer and creditor of the Defendant.

6. Plaintiff resides at 144 Lower Unionville Road, Wantage, New Jersey 07461.

7. Defendant, Jason A. Sneider, the Debtor herein, is an individual who held himself out to the Plaintiff to be an expert in the field of home improvement in the construction of fencing, stone masonry gates, installation of electrical power supply for remote control gates and related undertakings.

8. Defendant resides at 127 Sally Harden Road, Wantage, New Jersey 07461.

## FACTUAL BACKGROUND

9. On or about June 21, 2008, plaintiffs and Seller entered into a contract

("contract") for the sale of goods and/or services.

10. The contract was entered into at 144 Lower Unionville Road, Wantage, New Jersey.

11. At all times relevant hereto, Seller was a merchant in the goods and/or services offered for sale to plaintiffs.

12. On or about June 21, 2008, Seller advertised and/or offered for sale goods and/or services to plaintiffs.

13. Details regarding the goods and/or services so offered are set forth in exhibit "A" annexed hereto.

14. Plaintiffs paid Seller the sum of $20,300.00 for the aforesaid goods and/or services.

15. The sale involved an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against plaintiffs, consisting of the following: Defendants failed to fulfill the terms and conditions of the contract as to quality of workmanship and as to the duration of the work.

16. The Seller knowingly concealed, suppressed or omitted a material fact from plaintiffs, with intent that plaintiffs rely upon same.

17. Those material facts were as follows: Defendants attempted to deceive and mislead Plaintiffs as to their identity and fitness to execute the contract requirements.

18. Plaintiffs demanded that the Seller provide a full refund of all sums that plaintiffs paid to Seller but Seller refused to comply with said demand.

19. To date, plaintiffs incurred the following amount of losses $20,300.00 amount paid to Defendants, $7,913.32 legal fees and $30,239.00 estimated cost to remediate the incorrect work and complete same relative to the fraudulent transaction.

20. Plaintiffs retained an attorney and bring this action to recover damages associated with the aforesaid misconduct.

21. The Defendants are guilty of Per Se Violations of the Consumer Fraud Act of the New Jersey Statutes Annotated and New Jersey Administrative Code having either committed or omitted the following acts or procedures.

    i. All parties did not sign the contract.

    ii. There is no beginning or ending date on the contract.

    iii. The names as imposed on the top of the proposal (contract) are intentionally misleading and are fraudulent and incorrect.

    iv. Hardscape Construction & Landscape Design, Co. and Sneider and Sons Excavating LLC are not registered under the Home Improvements Contractors Registration Rules HICR the CRA Contractor Registration Act and the HIP Home Improvement Practice Rules.

    v. There are no addresses for contractors and there is only a phone number for Wantage Barn and Fence Co. LLC.

    vi. The Defendants failed to provide a final contract in violation of the Consumer Fraud Act.

    vii. The Defendants failed to provide copies of all inspections for work done in accordance with the Wantage Township Building Code

4

and the State Electrical Code.

viii. The Defendants failed to display the registration number HICR on all documents.

ix. The Defendants failed to provide their commercial insurance information or certificate of insurance number with appropriate limits of liability.

x. Defendants failed to provide warranties for the materials provided and the fence as installed.

xi. Defendants failed to provide notification of general liability insurance, telephone number of the insurance company and issuing certificate with the contract.

xii. Defendants failed to provide notice in 10 point bold font type notice as to cancellation with respect to said insurance contract.

xiii. Defendants failed to provide a toll free number for the director of insurance for confirmation or discussion with respect to the insurance as provided and required under the Consumer Fraud Act and the New Jersey Administrative Code.

xiv. The Plaintiffs demanded judgment against Defendants named to this count jointly and/or severally for: (1) Actual damages in the amount of the total contract price of the property or all monies paid to date thereon; (2) Expenses incurred by plaintiffs relative to the cost to remedy the property's defects and/or repairs made to the property; (3) The remedies provided for under any state and/or

federal statutes plead herein, statutory treble damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the common law relative to defrauded persons and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (4) Any other applicable consequential, incidental, nominal and expectation damages; and (5) Lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

22. Defendants were served with the summons and complaint on February 13, 2009.

23. Defendants failed to respond to any of the counts in the complaint and subsequently, Plaintiffs requested entry of judgment with proof of amount due on June 1, 2009.

24. A Proof Hearing had not been scheduled by the Honorable Edward V. Gannon, Superior Court Judge assigned to this matter.

25. Subsequently the Defendants filed a Petition for Bankruptcy on August 5, 2009 prior to the Courts having scheduled a Proof Hearing.

26. The Proofs Hearing could not proceed when it was finally scheduled for September 25, 2009, pursuant to provisions of the automatic stay rules of the US Bankruptcy Court.

27. Defendant's Case No. 09-30468-DHS was dismissed from the Bankruptcy Court on or about December 15, 2009. Plaintiff's were notified of the dismissal on or about January 7, 2010.

6

28. On or about January 8, 2010, Plaintiff's notified Superior Court of Sussex County of the dismissal and a Proof Hearing was rescheduled in the matter for February 25. 2010.

29. Defendant re-filed for Bankruptcy on or about February 10, 2010.

30. Due to the Defendant's various filings of Bankruptcy, the matter pending in the Superior Court of Sussex County has now been dismissed without prejudice.

## COUNT I

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as if same were set forth at length herein.

32. Defendant's various obligations to the Plaintiff are non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2), (a)(3) and (a)(6) in so far as the claim that Plaintiff asserts against Defendant arises out of a course of conduct by the Defendant which indicates that Defendant took money and property from Plaintiff based upon false pretenses, false representations and actual fraud regarding the Defendant's financial position and the willful and malicious misrepresentations to the Plaintiff resulting in a willful conversion of Plaintiff's money and property.

33. Plaintiff relies upon _Edward S. Cohen v. Hilda de la Cruz, et al._ 523 U.S. 213 (1998).

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

   a. determining all obligations owed by the Defendant to the Plaintiff herein are non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2), (a)(3) and (a)(6);

   b. awarding treble damages

  c. awarding attorney's fees and costs of suit; and

  d. for such other and further relief as is just and equitable.

            F. WILLIAM LAVIGNE
            Attorney At Law LLC
            157 Main Street, P.O. Box 383
            Andover, New Jersey 07821
            (973)786-5784

            _____
            F. WILLIAM LAVIGNE

Dated: March 15, 2010

8

## VERTIFICATION

STATE OF NEW JERSEY

COUNTY OF SUSSEX    SS.:

We, Ron Harris and Renne Harris, of full age, being duly sworn, say:

We are the Plaintiffs in the foregoing Adversary Complaint. We have read the foregoing Adversary Complaint and the allegations contained therein. The allegations contained therein are true to the best of our personal knowledge and belief, except as to those allegations which are made upon information and belief. As to the allegations made upon information and belief, we believe those to be true.

We are aware that if any of the allegations are willfully false, that I am subject to punishment.

_____
RON HARRIS

_____
RENEE HARRIS

Subscribed and sworn to before me this

15th day March

_____
F. WILLIAM LAVIGNE
Attorney at Law
State of New Jersey

9